UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-60488-VALLE

GREGORY ST. CLAIR,

    Plaintiff,

v.

GENERAL MOTORS
FINANCIAL COMPANY, INC.,

    Defendant.
_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon pro se Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 11) (the "Motion"). Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been randomly assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. (ECF No. 2).

Defendant General Motors Financial Company, Inc. ("Defendant") has yet to be served, so Plaintiff filed the Motion *ex parte*. After due consideration of the Motion and upon a review of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motion is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff, who is proceeding without counsel, has filed a four-count Amended Complaint. (ECF No. 8). Upon a liberal reading of the Amended Complaint and taking the allegations as true solely for the purpose of determining the instant Motion, Plaintiff alleges violations of federal banking laws (Count 1), unjust enrichment (Count 2), fraud/misrepresentation (Count 3), and

violation of truth and lending laws/billing error procedures (Count 4) against Defendant for "improper handling of Plaintiff's [car] loan agreement." *See generally* (ECF No. 8).  The Clerk of Court has issued a summons for Defendant, and Plaintiff asserts that "service is in process." (ECF Nos. 7, 11 at 2).

In the instant Motion, Plaintiff alleges that Defendant is actively seeking repossession of his car, which is his family's source of transportation for all essential daily and medical needs. (ECF No. 11 at 2).  Plaintiff, therefore, seeks a temporary restraining order ("TRO") to stop Defendant from repossessing Plaintiff's car until the Court can conduct a full hearing. (ECF No. 11 at 2, 3).

## II.     DISCUSSION

In determining whether a temporary restraining order should be granted, the Court must consider whether: (i) there is a substantial likelihood of success on the merits; (ii) irreparable injury will be suffered if the relief is not granted; (iii) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (iv) the entry of the relief would serve the public interest. *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  Injunctive relief may not be granted unless movant establishes substantial likelihood of success.  *Id.* (citation omitted).  Further, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion as to each of the four prerequisites." *Four Seasons Hotel and Resorts B.V. v. Consorcio Barr, SA,* 320 F.3d 1205, 12010 (11th Cir. 2003) (citation omitted); *JTH Tax, Inc. v. Abikarram*, No. 19-CV-60328, 2019 WL 2254816, at *1 (S.D. Fla. Mar. 22, 2019), *report and recommendation adopted*, 2019 WL 11553446 (S.D. Fla. July 19, 2019).

Here, Plaintiff has failed to establish the requisite irreparable injury. *Horowitz v. Mercedes-Benz Fin. Servs. USA LLC*, No. 22-CV-119, 2022 WL 344632, at *1 (M.D. Fla. Feb. 4, 2022) ("the threatened repossession does not rise to the level of irreparable harm necessary for the issuance of a [TRO] any harm caused by repossession would be compensable through money damage."). For instance, although not having his own car may pose an inconvenience, Plaintiff (and his elderly parents) would have other means of travel, including public transportation and private ride share services. Thus, on the alleged facts, Plaintiff has not shown that he will suffer irreparable harm. This alone is a basis for denying the Motion.

In addition, however, Plaintiff has failed to show that the entry of a TRO would serve the public interest. Even if a TRO would purportedly preserve the status quo, as Plaintiff asserts, there is nothing about the repossession of a personal vehicle that touches upon the public interest. Thus, this failure also supports denial of a TRO.

Accordingly, Plaintiff has not met his burden of establishing an entitlement to a TRO. *See, e.g., Horowitz*, 2022 WL 344632, at *1 (denying TRO seeking to restrain defendant from repossessing car). For the reasons set forth above, the Motion is **DENIED**.

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on April 28, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:
Pro Se Plaintiff
Gregory St. Clair
1728 NE Miami Gardens Dr, #1107
Miami, FL 33179